UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL SON & CO., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KINDER MORGAN ARROW TERMINALS, L.P., )<br>)<br>Defendant. ) | No. 09 C 6140<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Son & Co. ("Samuel") brought suit against Defendant Kinder Morgan Arrow Terminals, L.P. ("Kinder Morgan"), alleging that Kinder Morgan was liable for damages sustained by steel coils that were stored by Kinder Morgan. Kinder Morgan has moved for summary judgment, arguing that Samuel did not bring suit within nine months of receiving notice of the damage, as required by the terms and conditions of Non Negotiable Warehouse Receipts issued to Samuel.

## BACKGROUND

Samuel is a foreign corporation with its principal place of business in Ontario, Canada. Def.'s 56.1(a)(3) ¶1. Kinder Morgan is a limited partnership organized and existing under the laws of the State of Delaware, with its corporate headquarters located in Houston, Texas. *Id.* ¶ 2. Samuel seeks to recover for damage to certain steel coils stored by Kinder Morgan. *Id.* ¶ 6. The steel had been shipped from Taiwan on two vessels, the *Pearl River* and the *Atlantica*, unloaded in New Orleans and shipped by barge to Kinder Morgan's facility in Chicago, Illinois. Pl.'s Compl. ¶¶ 5-14.

Kinder Morgan alleges that for each shipment or portion of a shipment of steel coils that was delivered to Kinder Morgan, Samuel received a document entitled "Non Negotiable Warehouse Receipt" (a "Receipt"). Def.'s 56.1(a)(3) ¶ 7. Kinder Morgan alleges that Samuel received the face sheet of each Receipt by fax, on or about the date reflected on each Receipt. *Id.* ¶ 13. Kinder Morgan further alleges that Samuel received a complete copy of each Receipt, including the pages identified as "Standard Warehouse Terms and Conditions," by mail, on or shortly after the date reflected on each Receipt. *Id.* ¶ 14. Samuel admits receiving at least one face sheet of the Receipt but denies that it received a complete copy of each Receipt by mail. Pl.'s Resp. to Def.'s 56.1(a)(3) ¶¶ 13, 14.

Each Receipt provides on its face page that goods are received "subject to the Rules and Conditions on the reverse hereon." Def.'s 56.1(a)(3) ¶ 9. Section 16(b) of the Standard Warehouse Terms and Conditions provides:

> "No action may be maintained by the Depositor or others against the Warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section and unless such action is commenced either within nine months after date of delivery by Warehouseman or within nine months after Depositor of record or the last known holder of a negotiable warehouse receipt is notified that loss or injury to part or all of the goods has occurred, whichever time is shorter."

Def.'s 56.1(a)(3) ¶ 20; Pl.'s Resp. to Def.'s 56.1(a)(3) ¶ 20.

On or about April 5, 2007, David Bagshaw of Samuel sent written notice to Liz Stevens of Kinder Morgan concerning Samuel's claim for damage to all or part of the steel coils from the vessel *Atlantica* that were stored by Kinder Morgan. Def.'s 56.1(a)(3) ¶ 21. On or about May 23, 2007, Bagshaw sent written notice to Stevens concerning Samuel's claim for damage to all or part of the steel coils from the vessel *Pearl River* that were stored by Kinder Morgan.

2

*Id.* ¶ 23. On or about July 13, 2007, W.S. McNevitts of Samuel sent written notice to Kinder Morgan concerning Samuel's claim for damage to all or part of the steel coils from the vessels *Atlantica* and *Pearl River*. *Id.* ¶ 25. Samuel filed its Complaint in this action on October 1, 2009. *Id.* ¶ 27.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the nonmoving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*,

185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

## ANALYSIS

Kinder Morgan argues that Samuel is barred from bringing this action because Samuel failed to bring suit within the nine-month time limit provided by Section 16(b) of the Standard Warehouse Terms and Conditions. Kinder Morgan argues that Samuel had notice of the damage on or before April 5, 2007, with respect to the steel coils from the *Atlantica*, and on or before May 23, 2007, with respect to the steel coils from the *Pearl River*. Thus, argues Kinder Morgan, over nine months passed between Samuel's receiving notice of the damage and filing suit.

The sole response Samuel makes in response to Kinder Morgan's argument is that a question of fact exists as to whether Samuel actually received complete copies of the Receipts containing the Standard Warehouse Terms and Conditions. Samuel admits that if it had received the Standard Warehouse Terms and Conditions, its suit would be barred by the nine-month time limit of Section 16(b).[1] Thus, Kinder Morgan's summary judgment motion turns entirely on whether there is a genuine issue of material fact as to whether Samuel received copies of the Receipts containing the Standard Warehouse Terms and Conditions.

In support of its contention that Samuel received a complete Receipt for each shipment or portion of a shipment of steel coils that was delivered to Kinder Morgan, Kinder Morgan offers

---

[1]Samuel's Memorandum of Law in Opposition states, "Samuel does not argue that a time limitation provision, when properly agreed to by both parties, is valid. . . . In the present case, a question of fact exists as to whether the terms and conditions were agreed to because the defendant failed to ever provide Samuel with a single copy of said terms and conditions." Samuel Resp. 7.

4

the declaration of Julie Wilbanks. Wilbanks states that she is "Customer Service Manager/Office Manager" of Kinder Morgan and that she has personal knowledge of the matters set forth in her declaration. Wilbanks Decl. ¶ 1. Wilbanks further states that "[d]uring December 2006 and January and February 2007, Kinder Morgan received for storage certain coils of cold rolled steel from [Samuel]" and that it was Wilbanks' responsibility "to issue non-negotiable warehouse receipts to Samuel for each batch of steel coils unloaded and stored for Samuel." *Id.* ¶ 3. Wilbanks states that "non-negotiable warehouse receipts were prepared and issued at or immediately after the time that the coils listed therein were unloaded into storage at Kinder Morgan" and that "[w]hen each non-negotiable warehouse receipt was issued, Kinder Morgan faxed the face sheet to Samuel and mailed a complete copy of the non-negotiable warehouse receipt, including the four pages containing terms and conditions, to Samuel." *Id.* ¶¶ 5-6. Kinder Morgan argues that under the mailbox rule, the fact that a document is mailed creates a rebuttable presumption that the addressee received the document.[2] Therefore, according to Kinder Morgan, Wilbanks' declaration establishes that Samuel received complete copies of each Receipt.

In its response to Kinder Morgan's Local Rule 56.1 Statement of Undisputed Material Facts, Samuel denies that it received a complete copy of each Receipt. However, in support of that denial, Samuel cites only paragraph 8 of its Response to Kinder Morgan's First Request for Admissions. Paragraph 8 itself is a denial that Samuel received a copy of each Receipt.

---

[2]"Where a letter is properly addressed and mailed, there is 'a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'" *Boomer v. AT & T Corp.*, 309 F.3d 404, 415 n. 5 (7th Cir. 2002) (quoting *Hagner v. United States*, 285 U.S. 427, 430 (1932)).

Rule 56(e)(2) of the Federal Rules of Civil Procedures sets out a party's obligation in responding to a motion for summary judgment:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). " To successfully oppose [a summary judgment motion], the nonmovant must present definite, competent evidence in rebuttal." *Salvadori v. Franklin School Dist.*, 293 F.3d 989, 996 (7th Cir. 2002).

Samuel has not met this standard in denying that it received complete copies of the Receipts. As noted, Samuel's Local Rule 56.1 denial references only paragraph 8 of Samuel's Response to the Request for Admission. Paragraph 8 itself does not cite to any affidavit or other competent evidence. The only possible basis for considering Samuel's Response to Kinder Morgan's Request for Admissions as competent evidence is the attached Affidavit of Completeness signed by Chris Bourque, General Manager of Samuel. In the Affidavit of Completeness, Bourque states that the contents of the affidavit are true and correct to the best of his knowledge. This statement is not sufficient to qualify Samuel's Response as competent evidence. Rule 56(e)(1) provides that an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Bourque does not claim to have any personal knowledge of what documents Samuel received from Kinder Morgan.[3] Thus, under Rule 56,

---

[3]To the contrary, Samuel's pleadings and discovery responses confirm that Bourque does not have personal knowledge of Samuel's receipt of documents from Kinder Morgan. Rather,

Samuel's denial of Kinder Morgan's Local Rule 56.1 assertion that Samuel received copies of the Receipts is not supported by competent evidence. Therefore, these facts are deemed admitted, and there is no genuine factual dispute that Samuel received full copies of the Receipts.

With the fact established that Samuel received full copies of the Receipts, Kinder Morgan is entitled to summary judgment. Samuel admits that the clause requiring it to bring suit within nine months of notice of damage is binding if it received the Receipts. Samuel does not dispute that it failed to bring suit within nine months of being notified of the damage to its coils. Therefore, under the terms and conditions of the agreement between the parties, Samuel's suit is untimely, and Kinder Morgan is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

Dated: November 18, 2010

JOHN W. DARRAH
United States District Court Judge

---

Samuel's Rule 26 disclosure, which identifies Bourque as a potential witness, states that he may have knowledge of the events leading to the damage of the coils and of the inspections of the coils. Furthermore, when asked in interrogatories to detail all communication between Samuel and Kinder Morgan, Samuel stated, "investigation continues." Thus, Bourque, who reviewed this response, could not provide any relevant information as to what documents Samuel had received from Kinder Morgan.